(118 So. 678)
### GATLIN v. KING. (4 Div. 372.)
Court of Appeals of Alabama. Oct. 9, 1928.
Rehearing Denied Nov. 20, 1928.

W. O. Mulkey, of Geneva, and J. C. Fleming, of Elba, for appellant.

Simmons & Simmons, of Opp, for appellee.

RICE, J. Appellee was the mortgagee of one G. T. Crabtree; the mortgage, executed subsequent to January 1, 1925, conveying all the crops grown by the said Crabtree during the year 1925 on lands described in said mortgage. The mortgage was regular in all respects, and its validity is not questioned.

This appeal is from a judgment rendered in appellee's favor, in a suit brought by him against appellant for damages for the conversion of two bales of cotton bought by appellant from the said mortgagor's son, and alleged and shown to be two of the bales of cotton covered by and conveyed in appellee's mortgage above mentioned.

No questions are urged upon our consideration growing out of the pleadings in the cause.

The defense sought by appellant to be interposed was that G. T. Crabtree, the mortgagor, had in the year 1924 executed a mortgage covering the same crop of which the two bales of cotton involved in this suit were a part, and the lands on which they were grown, to one Foster and another, and that in the summer of 1925, after the death of G. T. Crabtree, and the execution of appellee's mortgage, but before the purchase by appellant of the two bales of cotton involved, the widow of said Crabtree and her adult son

conveyed the said lands to said Foster and his associate, and agreed to pay rent to them —thus causing Foster and his associate to cancel the mortgage held by them and they allowing the Crabtrees to become their tenants. And that, under this arrangement, with the consent of Foster and his associate, the cotton in question was purchased, and appellant ought not to respond to appellee in damages as for a conversion.

Appellee's mortgage was superior to the landlord's lien acquired by Foster and his associate in the summer of 1925, after its execution, even if they had acquired any such lien, and appellant would not be protected by any permission given by them to purchase the cotton. Gillespie v. Bartlett & Byers, 211 Ala. 560, 100 So. 858. This being true, there was no error in excluding all or any part of the testimony of Dr. Foster as to the transactions inquired about.

There being no prejudicial error apparent in the record, the judgment is affirmed.

Affirmed.